## PATTERSON v. PATTERSON.

### (Circuit Court, S. D. New York. December 19, 1910.)

RECEIVERS (§ 58*)—PARTNERSHIP—GROUNDS FOR VACATION OF RECEIVERSHIP.

Where receivers have been appointed in a suit between partners, to wind up a partnership formed to carry out a contract for the construction of a public work, on a bill alleging insolvency and that the completion of the contract by receivers will be for the benefit of creditors, to which the majority of the creditors have given their assent, an affidavit of the attorney for a single judgment creditor, stating his belief merely that the firm is solvent, and that the receivership was obtained for the purpose of hindering and delaying the creditors, and for the benefit of the partners, is insufficient to justify the vacation of the receivership, or the granting of leave to such creditor to issue an execution and levy the same on property in the hands of the receivers.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 97–102; Dec. Dig. § 58.*]

In Equity. Suit by James W. Patterson, Jr., against John W. Patterson. On motion by the Coralline Drug & Chemical Company to vacate receivership. Motion denied.

See, also, 182 Fed. 952.

Wm. H. Stayton, for complainant.

Arthur B. La Far, for defendant.

Carlton B. Pierce, for Coralline Drug & Chemical Co.

WARD, Circuit Judge. This is an order obtained by the Coralline Drug & Chemical Company upon the receivers of Patterson & Co. to show cause why, first, their appointment should not be vacated; second, the Coralline Company should not be allowed to issue execution upon a judgment obtained by it against Patterson & Co. and levy the same on the firm's property in the hands of the receivers; third, why the receivers' work on the contract should not be discontinued and the contract sold.

March 21, 1909, James W. Patterson, Jr., and John W. Patterson, as partners, entered into a contract with the city of New York for the construction of the Bull Hill tunnel of the Croton Aqueduct in Putnam county, known as "Contract No. 22," and the partnership appears to be confined to this one adventure. September 20, 1910, James W. Patterson, Jr., filed a bill against John W. Patterson, alleging that the partners differed as to the method of performing the contract, that the firm was unable to pay its wages or debts in due course, that if threatened suits and attachments were begun and levied its property would be sacrificed and dissipated, and that only by completing contract No. 22 could its creditors be paid in full. The relief

———

prayed for was that receivers be appointed to complete the contract, and the firm be wound up and its assets distributed among its creditors. The dissolution of the firm is necessarily involved, though the fact is not expressly stated in the bill.

On the same day the defendant answered, admitting the allegations of the bill, and joining in the prayer thereof. An affidavit of the complainant, verified the same day, shows that the appraised value of the firm's plant, together with the moneys earned, but not paid, on the contract, amounted to $126,142, of which the sum of $20,000 was not payable until the tunnel should be cleaned out, and the sum of $32,000, percentage retained by the city, was not payable until the completion of the contract. The indebtedness was $107,649.59. Thus insolvency was established, both in the ordinary mercantile sense of inability to meet debts in due course and also in the sense that the assets are not equal to indebtedness.

On the same day the court made an order reciting that it appeared to be to the interest of the creditors to wind up the business of the firm, appointed receivers with authority to continue the contract until further order of the court, with the usual order restraining creditors and all other persons from interfering with the firm's property in the hands of the receivers, and directing that all creditors and other persons interested show cause on October 6th why the receivership should not be made permanent, a copy of the order to be mailed to all creditors on or before September 26th and to be published for two successive weeks in the New York Times and in a newspaper of general circulation in Putnam county.

September 29th the temporary receivers reported to the court that, after an examination of the whole situation, they believed contract No. 22 could be completed at a profit and to the best interest of the creditors of the firm. October 6th, upon the return of the order to show cause, of which the attorney for the Coralline Company had notice, creditors appeared, of whom creditors representing over 50 per cent. of the firm's indebtedness requested in writing that the receivership be made permanent, and none objected. October 13th the receivership was made permanent.

September 26, 1910, the Coralline Company began suit against Patterson & Co. in the state court by an attachment of their funds in the hands of the comptroller. The firm appeared, but November 9th allowed judgment to go by default for $324.88. November 10th the receivers obtained an order releasing the attachment under section 21 of the lien law upon the comptroller's setting aside $500 as security for the lien, which order the Coralline Company has subsequently moved to vacate.

The only affidavit in support of this very comprehensive motion is that of Carlton B. Pierce, one of the attorneys of the Coralline Company, who says he believes that Patterson & Co. are solvent, and were solvent when receivers were appointed, and have more assets than those mentioned in the affidavit of James W. Patterson, Jr.; that the work on contract No. 22 is only half done, and will not be completed for at least 18 months; that other contractors will be

glad to take the contract; and that the receivership was intended to hinder and delay creditors for the benefit of the firm.

Under the circumstances it seems to me that the completion of contract No. 22 by the receivers is the best course to pursue for the benefit of the creditors. Heatherton v. Hastings, 5 Hun (N. Y.) 459. Any disposition of the contract that can be made at a profit will receive the most serious consideration. If I were satisfied that the receivership was applied for to hinder or delay creditors, or that Patterson & Co. were or are solvent and their assets sufficient to pay their creditors in full, I should vacate the receivership, or order a sale of the firm's property at once. But I do not credit these allegations. At all events there is no proof of them. The affidavit of the belief of these allegations by an attorney for a creditor is wholly insufficient to justify the relief asked for. The beginning of the suit by attachment September 26th was a contempt, though apparently unintentional, of this court's order of September 20th.

The motion is denied.